E-FILED
Monday, 22 December, 2014 04:05:31 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| STEPHEN N. DURBIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-CV-03339 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

    Before the Court is the Report and Recommendation (d/e 13) entered by United States Magistrate Judge Tom Schanzle-Haskins on June 24, 2014. Judge Schanzle-Haskins recommends that this Court grant Plaintiff Stephen N. Durbin's Motion for Summary Judgment (d/e 8), deny Defendant Commissioner of Social Security's Motion for Summary Affirmance (d/e 11), and remand this case for further proceedings under Sentence Four of 42 U.S.C. § 405(g). Objections to the Report and Recommendation were due within 14 days of service of a copy of the Report and Recommendation. Neither party filed objections.

Under Federal Rule of Civil Procedure 72(b)(3), upon receipt of the Magistrate Judge's recommended disposition, this Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." This Court reviews findings of the Report and Recommendation to which no objection has been made for clear error. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (noting in addition that a party who fails to object to the report and recommendation waives appellate review of the factual and legal questions). This Court reviews de novo only those parts of a Report and Recommendation to which a timely, proper objection has been made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

After reviewing the record, the Report and Recommendation, the parties' Motions and memoranda, and the applicable law, the Court finds no clear error in Magistrate Judge Schanzle-Haskins's Report and Recommendation. In adopting the Report and Recommendation in its entirety, the Court offers the following summary analysis.

To stand, the decision of an ALJ must be supported by substantial evidence—that is, "such relevant evidence as a

reasonable mind might accept as adequate" to support the ALJ's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's decision, the Court must accept the ALJ's decision and cannot substitute its own judgment for that of the ALJ. Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir. 1986). But the ALJ must articulate at least minimally her analysis of all relevant evidence, Herron v. Shalala, 19 F.3d 329, 333 (7th Cir. 1994), and must "build an accurate and logical bridge from the evidence to [the] conclusion." Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000). Relevant to this case, the opinions of a treating physician regarding the nature and severity of a medical condition is entitled to controlling weight if the opinions are well supported by medical findings and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2).

Here, Magistrate Schanzle-Haskins found that the decision of the Administrative Law Judge (ALJ) failed to minimally articulate her analysis of the opinions of Dr. Obul Reddy, M.D., a psychiatrist and Durbin's treating physician. Specifically, Dr. Reddy opined that Durbin met the characteristics of Listings 12.04 (affective disorders) and 12.06 (anxiety-related disorders). Because the ALJ's

reached the opposite conclusion, the ALJ was obligated to explain why she rejected Dr. Reddy's opinions regarding these Listings. But the ALJ did not address Dr. Reddy's opinions regarding these Listings.

The ALJ should decide in the first instance whether Dr. Reddy's opinions were well supported by medical findings and not inconsistent with other substantial evidence in the record. See Powers v. Apfel, 207 F.3d 431, 434–35 (7th Cir. 2000) ("Because the Commissioner is responsible for weighing the evidence, resolving conflicts[,] and making independent findings of fact, this Court may not decide the facts anew, re-weigh the evidence[,] or substitute its own judgment for that of the Commissioner to decide whether a claimant is or is not disabled." (citation omitted)). Accordingly, this case should be remanded so that the ALJ can set forth her analysis of Dr. Reddy's opinions.

**IT IS THEREFORE ORDERED THAT**

**(1) The Report and Recommendation (d/e 13) is ADOPTED in its entirety.**

(2) **Plaintiff's Motion for Summary Judgment (d/e 8) is GRANTED and Defendants' Motion for Summary Affirmance (d/e 11) is DENIED.**

(3) **The decision of the Commissioner is reversed and remanded for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).**

IT IS SO ORDERED.

ENTER: December 22, 2014

FOR THE COURT:         <u>s/ Sue E. Myerscough</u>
                                        SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE